**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.: 5:26-mj-01153 |
| Plaintiff, | : | |
| vs. | : | MAGISTRATE JUDGE AMANDA M. KNAPP |
| STEVEN COMISAR, | : | **DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER** |
| Defendant. | : | |

Steven Comisar moves to revoke the detention order issued by the magistrate judge in the United States District Court for the Central District of California. Mr. Comisar was arrested on a complaint in California. He was transported directly to the emergency room for medical treatment. Several days later, having been admitted to the hospital, Mr. Comisar appeared virtually for his initial appearance in the United States District Court for the Central District of California. The magistrate judge ordered Mr. Comisar detained but stayed the order to allow time for this Court to hear the matter. Because Mr. Comisar does not meet either prong of 18 U.S.C. § 3142(f)(2), he must be released on bond. Additionally, Mr. Comisar respectfully requests this Court permit him to attend any upcoming preliminary court hearings virtually until he is released from the hospital and a doctor verifies that he is medically able to travel. A memorandum supporting this motion is attached and incorporated herein.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/Timothy C. Ivey*

TIMOTHY C. IVEY
First Assistant Federal Public Defender
Ohio Bar: 0039246
*/s/ Michael V. Heffernan*
MICHAEL V. HEFFERNAN
Assistant Federal Public Defender
Ohio Bar: 0074776
1660 West Second Street, Suite #750
Cleveland, OH 44113
(216)522-4856 Fax:(216)522-4321
E-mail: timothy_ivey@fd.org
E-mail: michael_heffernan@fd.org

## MEMORANDUM

Under 18 U.S.C. § 3145(b), Steven Comisar moves to revoke the California magistrate Judge's detention order.[1] The magistrate judge had no statutory authority to hold a detention hearing because this case does not fall under 18 U.S.C. § 3142(f)(1) or (f)(2). Absent one of these conditions, "pretrial detention is impermissible." *See United States v. Farmer*, Sixth Cir. No. 16-3904, Dkt. 12-1: Order, (Sixth Cir. Sept. 8, 2016). Even if this Court finds the magistrate judge did not err in holding the detention hearing, the facts in this case do not support detention. Mr. Comisar is not a flight risk and there are conditions of release that would reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(e)(1).

### A. Facts and Procedural History.

On September 18, 2026, a complaint was filed in this Court alleging probable cause to believe Mr. Comisar had committed mail fraud and wire fraud. (R. 1-1: Affidavit). The affidavit to the complaint alleges Mr. Comisar "engaged in a scheme to defraud and obtain money from Victim 1, a resident of Massillon, Ohio" from September 2019 through September 2026. (R. 1-1: Affidavit, p. 26). Specifically, it is alleged that Mr. Comisar, through various aliases, communicated with Victim 1 through text messages and email to solicit money for various investments. According to affidavit, the money was never invested but was used by Mr. Comisar for personal expenses. The communications quoted in the affidavit show requests for additional monies to be sent before profits could be distributed. There is no evidence in the affidavit of threats or intimidation.

Mr. Comisar was arrested on September 23, 2026, in a hotel room where he had been living for at least the past four years. Mr. Comisar explained that approximately four years ago he

[1] Central District of California Case No. 2:26-MJ-5575. As of October 14, 2026, the detention order had not yet been docketed.

fell and has been bedridden ever since. Mr. Comisar was in such poor physical condition that he was transported directly to the emergency room for treatment. He was subsequently admitted to the hospital and does not have an anticipated release date. An initial appearance was held on October 2, 2026. Mr. Comisar appeared virtually from his hospital bed. Case No. 2:26-MJ-5575 (C.D. Ca.). The magistrate judge ordered Mr. Comisar detained but stayed the order for a week to allow Mr. Comisar time to file for bond in this district under § 3145(b).

**B. Legal Standard.**

Mr. Comisar is entitled to a determination of bond in the district where the charges are pending. 18 U.S.C. § 3145(b). "When reviewing a pretrial detention order of a magistrate judge, the Court 'acts de novo and must make an independent determination of the proper pretrial detention or conditions for release.'" *See United States v. Amir*, No. 1:10-CR-439, 2011 WL 2711350, *3 (N.D. Oh. July 13, 2011) (quoting *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992).

**C. The detention order should be vacated because the magistrate judge erred in holding a detention hearing.**

The magistrate judge erred in holding a detention hearing because none of the conditions under 18 U.S.C. § 3142(f) were met. The Sixth Circuit in *Farmer* held the district court plainly erred in holding a detention hearing "without first finding that Farmer fell within one of the seven categories enumerated in § 3142(f)." *Farmer*, Sixth Cir. No. 16-3904, Dkt. 12-1: Order, (Sixth Cir. Sept. 8, 2016). The Sixth Circuit explained:

> Section 3142(f) limits the circumstances under which a detention hearing is authorized to seven instances enumerated in the statute. For the Court to hold a detention hearing on its own motion, it must find that the case involves a serious risk that the defendant will flee, 18 U.S.C. § 3142(f)(2)(A), or that the case involves a serious risk that the defendant will obstruct justice or attempt to or threaten, injure, or intimidate a prospective witness or juror, § 3142(f)(2)(B). Upon the motion of

> the Government, five other types of cases can trigger a pretrial detention hearing. § 3142(f)(1).

*Id*. Absent one of these conditions, "pretrial detention is impermissible." *Id*. (citing *United States v. Ploof*, 851 F.2d 7, 10−12 (1st Cir. 1988); *United States v. Himler*, 797 F.2d 156, 158 (3d Cir. 1986); *United States v. Byrd*, 969 F.2d 106, 109–10 (5th Cir. 1992); *United States v. Twine*, 344 F.3d 987, 987 (9th Cir. 2003) (per curiam); *United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999)).

**1. Section 3142(f)(1) does not apply and therefore the district court had no authority to hold a detention hearing under this provision.**

Under 18 U.S.C. § 3142(f)(1), the government may request a detention hearing in a case that involves:

> A. a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
>
> B. an offense for which the maximum sentence is life imprisonment or death;
>
> C. an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
>
> D. any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
>
> E. any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code[.]

Mr. Comsier is charged with mail and wire fraud. These are not controlled substances offenses, crimes of violence, a violation of section 1591 (sex trafficking of children), or an offense listed in section 2332b(g)(5)(B) (acts of terrorism), and do not carry a maximum sentence of life imprisonment or death. *See* 18 U.S.C. § 3142(f)(1)(A)-(C). Additionally, Mr. Comisar does not have two prior convictions described in § 3142(f)(1)(A)-(C). Lastly, 18 U.S.C. § 3142(f)(1)(E) does not apply because this offense does not involve a minor, or the possession of a firearm, destructive device, or dangerous weapon.

In sum, because Mr. Comisar does not fall under any 18 U.S.C. § 3142(f)(1) subsection, the district court had no statutory authority to hold a detention hearing under this provision.

**2. Mr. Comisar is not a risk of flight or a risk to some prospective witness. Therefore, section 3142(f)(2) does not apply, and the district court had no authority to hold a detention hearing under this provision.**

The Court may hold a detention hearing on its own motion or on the government's motion, if the case involves a serious risk that the defendant will flee, 18 U.S.C. § 3142(f)(2)(A), or a serious risk that the defendant will obstruct, or attempt to obstruct, justice or attempt to or threaten, injure, or intimidate a prospective witness or juror, § 3142(f)(2)(B). This case involves no such risks.

There is no "serious risk" of Mr. Comisar fleeing. *See* 18 U.S.C. § 3142(f)(2)(A). Mr. Comisar is hospitalized and has been completely bedridden for the past several years. (Exh. A:[2] Medical Records, p. 41). He currently has a broken hip, and his bones are twisted from not moving them in the last four years. (Exh. B: Photo). He is unable to sit up in bed on his own. (Exh. A: Medical Records, p. 43). He cannot ambulate or perform daily tasks on his own. He is entirely

[2] Mr. Comisar has filed a motion for leave to file the exhibits to this motion under seal because they contain personal and confidential information. (R. 5).

dependent on assistance for mobility but also for dressing, eating, bathing, and using the bathroom. (Exh. A: Medical Records, p. 48-49). Mr. Comisar's recovery is long term. Given his medical condition, Mr. Comisar does not pose a serious risk of flight.

Additionally, there is no evidence Mr. Comisar "will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." § 3145(f)(2). There is no allegation that Mr. Comisar threatened or intimidated anyone during the alleged fraud. (R. 1-1: Affidavit). Moreover, there is no evidence from which this Court could conclude that granting Mr. Comisar bond would create a serious risk that he would obstruct or attempt to obstruct justice.

Because Mr. Comisar does not fall under 18 U.S.C. § 3142(f)(2), the magistrate judge in California erred in holding a detention hearing. This Court should revoke the detention order and order Mr. Comisar released on bond. *See Farmer*, Sixth Cir. No. 16-3904, Dkt. 12-1: Order, (Sixth Cir. Sept. 8, 2016) (holding that absent one of the conditions in § 3142(f)(1) or (f)(2), "pretrial detention is impermissible.").

**D. Alternatively, the facts do not support detention.**

Should this Court find the magistrate judge did not err in holding the detention hearing, Mr. Comisar submits the facts in this case do not support detention. "The default position of the law . . . is that a defendant should be released pending trial." *Stone*, 608 F.3d at 945. A defendant should only be detained without bond if there is no condition or combination of conditions that will reasonably assure the appearance of the accused and the safety of the community. *See* 18 U.S.C. § 3142(e). Title 18 USC § 3142(g) sets for a variety of factors for the Court to consider when deciding whether to grant a defendant bond. Those factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the

history and characteristics of the defendant, (4) and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 USC § 3142(g).

**1. Weighing the statutory factors, there are conditions of release that will reasonably assure Mr. Comisar's appearance and the safety of the community.**

As detailed above, Mr. Comisar does not pose a risk of flight. He is currently hospitalized and is bedridden. Because he has been bedridden for years his bones have become twisted and his mobility challenges are long term. There is hope that once his medical condition stabilizes, he will be placed in an in-patient rehabilitation facility and will one day regain his ability to walk. It is counsel's understanding that Mr. Comisar has private health insurance through Blue Cross/Blue Shield, which will cover his medical care if he is released on bond. Once Mr. Comisar is medically cleared for release, he will likely need to be placed in a rehabilitation facility for an extended period of time. Should Mr. Comisar be released to return home, he will live with his mother at her residence. Mr. Comisar's mother has also agreed to serve as a third-party custodian. Thus, even if this Court finds Mr. Comisar's medical conditions alone do not reasonably assure he will not flee, this Court may have Mr. Comisar's mother act as his custodian while on pretrial release. This condition will reasonably assure Mr. Comisar will appear as required.

Mr. Comisar is not a danger to the community. The only reasonable concern the government could have is the risk that Mr. Comisar would contact the victim or commit new acts of fraud. However, there are conditions of release that will mitigate any such risk. The government has alleged Mr. Comisar's fraud was committed through email and text messages. A condition that he has his electronics monitored, or alternatively has no access to electronics, would mitigate any danger that he might pose to the community. His mother, as his third-party custodian, could help monitor his compliance with this condition.

Because Mr. Comisar is not a risk of flight or danger to the community, he requests this

Court vacate the magistrate judge's detention order and order him released on bond pending the resolution of this case.

**E. Mr. Comisar requests permission to attend any upcoming preliminary hearings virtually.**

Mr. Comisar is currently hospitalized and has no connections to Northeast Ohio. Even assuming it would be medically feasible for the Marshals to transport Mr. Comisar to the district for a hearing, they would need to find a hospital that could manage his conditions while he is here. Transport to the district at this stage of the case is not only inefficient but puts Mr. Comisar's health at risk unnecessarily. The doctors at the hospital are still in the process of diagnosing his conditions and working on a treatment plan.

In sum, Mr. Comisar requests this Court allow him to appear virtually at any upcoming preliminary hearings from his hospital room so that any unnecessary transport or risks to his health may be avoided.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/Timothy C. Ivey*
TIMOTHY C. IVEY
First Assistant Federal Public Defender
Ohio Bar: 0039246
*/s/ Michael V. Heffernan*
MICHAEL V. HEFFERNAN
Assistant Federal Public Defender
Ohio Bar: 0074776
1660 West Second Street, Suite #750
Cleveland, OH 44113
(216)522-4856 Fax:(216)522-4321
E-mail: timothy_ivey@fd.org
E-mail: Michael_heffernan@fd.org